# Geddes, Appellant, *v.* Lehigh Coal & Navigation Company.

*Beneficial associations—Rules of government—Benefits—Death benefits.*
A widow cannot recover from the beneficial fund of a mining corporation which was her husband's employer, where she fails to comply with the rules governing the administration of the fund by producing a statement of a proper foreman of the company that the injury was received in the service of the company, and a certificate from the physician to the fund that the death resulted from an accident, and not from some disease.

Argued Dec. 16, 1908. Appeal, No. 219, Oct. T., 1908, by plaintiff, from order of C. P. Carbon Co., Jan. T., 1906, No. 9, refusing to take off nonsuit in case of Bessie Geddes v. Lehigh Coal & Navigation Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for death benefits. Before HEYDT, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was refusal to take off nonsuit.

*J. O. Ulrich,* with him *L. C. Scott,* for appellant.

*Frederick Bertolette* and *George M. Roads,* for appellee.

OPINION BY ORLADY, J., May 10, 1909:
The plaintiff's right to recover in this case must depend upon

the relation by contract, expressed or implied, of her husband with the defendant company, and assuming everything favorable to her contention, so far as his right to membership in the beneficial fund of the Lehigh Coal and Navigation Company, the important fact remains that she has failed to establish any compliance with the rules governing the administration of the fund, so as to entitle her as his widow to any right therein.

Rule No. 5 provides that benefits will be paid only on the statement of the proper foreman that the injury was received in the service of the company; and on a certificate from the physician to the fund in case of accident; that the accident was a disabling one; and in the case of death that the death resulted from the accident and not from some disease, is controlling in the case. These rules were formulated by the officers of the fund, and accepted by each of the persons participating in the payments into the fund, and regulated all claims under the fund, either from disability or for funeral expenses, or in case of injuries the rights of the heirs of the deceased. The plaintiff's proof failed entirely to establish a certificate from a physician to the fund, that the death resulted from accident and not from disease. The certificates received in evidence irregular as they were, were contradictory, and not effective. The one dated February 1, 1904, recited that "Sylvester Geddes, was injured November 12, 1903, died of blood poison November 25, 1903, and will be able to resume work." The one May 3, 1904, states that the remote cause of death was due to some constitutional disease, and the physician declined to say that the alleged injury had anything to do with it. The nonsuit was properly entered.

The judgment is affirmed.